IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KAITLIN YOUELL,

        Plaintiff,

v.                                    No. 1:17-CV-00512 LF-KBM

MAGELLAN HEALTH SERVICES
OF NEW MEXICO, INC. D/B/A
MAGELLAN HEALTH, MAGELLAN
HRSC, INC, MAGELLAN HEALTH INC.
and PATTI MACOMBER,

        Defendants.

**PLAINTIFF'S SUPPLEMENTAL BRIEFING REGARDING FRAUDULENT JOINDER IN SUPPORT OF HER MOTION TO REMAND**

        Kaitlin Youell, by and through her attorneys, Valdez and White Law Firm, LLC (Timothy L. White) files this supplemental briefing ordered by the Court and would show the Court that while defendants' response to plaintiff's motion to remand alleging fraudulent joinder has no merit, the fraudulent joinder allegation is in the first instance an irrelevant red herring, as defendant's removal is improper because the required amount in controversy is not met in this lawsuit and remand is required. As was shown in plaintiff's stipulation that plaintiff does not seek nor will she seek any damages in excess of $75,000.00 in whatever fashion calculated, this Court does not have jurisdiction over the lawsuit because the amount in controversy is insufficient for diversity jurisdiction.

**Argument and Authorities**

        Asserting fraudulent joinder in support of their removal action means that defendants bear a "heavy" burden of proof. *Montano v. Allstate Indemnity Co.,* 211 F.3d

1278, 2000 WL 525592 at *1 (10th Cir.2000) (unpublished) ("The case law places a heavy burden on the party asserting fraudulent joinder."). "To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty." *Couch v. Astec Indus., Inc.*, 71 F.Supp.2d 1145, 1146-47 (D.N.M.1999) (Baldock, J.) (emphasis added) (*citing McLeod v. Cities Service Gas Co.*, 233 F. 2d 242, 246 (10th Cir.1956)). This allegation requires evidence that is clear and convincing to show that fraudulent joinder has occurred. *Smith v. Blockbuster Entertainment Corp.*, 100 F. 3d 878, 880 (10th Cir. 1967) (emphasis added). "To establish fraudulent joinder, a party must demonstrate ... the absence of any possibility that the opposing party has stated a claim under state law." 16 Moore's Federal Practice § 107.14[2][c][iv][A] (emphasis added). If there is "a glimmer of hope" that plaintiff can establish a claim against the non-diverse defendant, the Court is precluded from finding fraudulent joinder. *Mayes v. Rapaport*, 198 F. 3d 457, 463-64, 466 (4th Cir. 1999).

*Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879 (10th Cir.1967) holds that fraudulent joinder be "established with complete certainty upon undisputed evidence." *Id.* at 882 (emphasis added). In *Smoot,* the Tenth Circuit stated two bases for finding fraudulent joinder: (i) "[t]he joinder of a resident defendant against whom no cause of action is stated is patent sham;" or (ii) "though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists." *Id.* at 882. "This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Id.* (emphasis added).

In *Montano,* the Tenth Circuit adopted the standard from *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000), which stated:

>To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party], in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovering against the party whose joinder is questioned.

*Montano,* 211 F.3d 1278, 2000 WL 525592 at *4-5 (emphasis added) (quoting *Hart,* 199 F.3d at 246) (quotation omitted; brackets in original). The Tenth Circuit stated that the standard for proving fraudulent joinder "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced." *Montano,* 2000 WL 525592 at *2. Remand is required if any one of the claims against a resident defendant is possibly viable. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 207 (5th Cir.1983).

In this case, plaintiff's amended complaint states a viable claim against the non-diverse party that was plaintiff's supervisor, Patti Macomber, who both permitted and participated in the discrimination. A corporation is a legal entity that acts only through its employees and officers. *See, e.g., Magnum Foods, Inc. v. Continental Cas. Co.*, 36 F.3d 1491, 1499 (10th Cir.1994) (stating that a corporation "can only act through its officers and employees, and these acts are attributed to the corporation under basic principles of agency.").

Defendant Magellan can and did act through Macomber and the amended complaint relates back to plaintiff's first complaint such that defendant's limitation

argument fails. The amended complaint relates back because Magellan and Macomber were on notice of these claims from the time plaintiff first filed the required Charge of Discrimination underlying this lawsuit.

The "relation back" standards applicable here are summarized in *Kidwell v. Board of County Commissioners, Shawnee Co.*, 40 F.Supp.2d 1201, 1217 (D. Kan. 1999). Rule 15(c)(2) provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The underlying premise of this part of Rule 15(c) is "that once notified of pending litigation over particular conduct or a certain transaction or occurrence, the defendant has been given all the notice required for purposes of the statute of limitations." *Marsh v. Coleman Co., Inc.*, 774 F.Supp. 608, 612 (D.Kan.1991) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149 n. 3, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)). "The linchpin to Rule 15(c) is notice before the limitations period expires." Id. (citing *Schiavone v. Fortune*, 477 U.S. 21, 31, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)). Put another way, the " '[d]efendant is not deprived of the protection of the statute of limitations if the original complaint fairly discloses the general fact situation out of which the new claims arise.' " *Spillman v. Carter*, 918 F.Supp. at 340 (quoting *Masters v. Daniel Intern. Corp.*, 1991 WL 107410, at *10 (D.Kan. May 3, 1991)). The courts "somewhat liberally" apply the relation back provisions of Rule 15. *Powers v. Graff*, 148 F.3d 1223, 1998 WL 436362, at *2 (11th Cir. Aug.3, 1998). Generally, amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief, or add another claim arising out of the same facts. See *F.D.I.C. v. Conner,* 20 F.3d 1376, 1385-86 (5th Cir.1994); *Marsh*, 774

F.Supp. at 612. "[F]or relation back to apply, there is no additional requirement that the claim be based on an identical theory of recovery." *Bularz v. Prudential Ins. Co. of America*, 93 F.3d 372, 379 (7th Cir.1996) (citations omitted). Plaintiff's New Mexico Human Rights Act claim arises out of the identical facts and legal basis as the claim against Magellan only originally asserted and relates back to that first complaint making it timely here.

Anticipating defendants' reply to this argument, plaintiff would show the court that Macomber was on notice of these claims by virtue of the Charge of Discrimination and accompanying documentation setting forth the facts of those claims. As shown in highlighted portions of Exhibit A to this briefing, Macomber was identified in a significant number of the allegations as the person responsible for the discriminatory conduct made the basis of this lawsuit, notwithstanding that she was not named technically as a respondent in the Charge.

Fortunately, the law in this federal district is clear that by naming Macomber and describing her illegal conduct in the attachments to the Charge, she is on notice of the claims such that here the relation back standards of Rule 15 are met.

*Campos v. Las Cruces Nursing Ctr.*, 828 F.Supp.2d 1256 (D.N.M. 2011) illustrates that Macomber is on notice for purposes of a finding that the administrative exhaustion required by New Mexico law is satisfied or excused where, as here, the filing party names the individual defendant in the body of the charge and/or describes the individual defendant's discriminatory conduct. In *Campos*, the three plaintiffs' charges were filed with EEOC, naming the employer Las Cruces Nursing Center and also in the body or text of the charge naming the supervisor perpetrating the discrimination against them. The individual defendant moved to dismiss under Rule 12 alleging a

failure to exhaust administrative remedies. Judge Browning, following Tenth Circuit law, *see Romero v. Union Pac. R.R.*, 615 F.2d at 1312, ruled that "[i]n the context of determining exhaustion of remedies under New Mexico law, the situation in this case is closest to the first of these exceptions [excusing naming the individual in the form box provided]; the defendant is mentioned in the text of the charge. Given that under Title VII a person may not name a supervisor as a party in a charging instrument, but that a supervisor may be a respondent under the NMHRA, the Supreme Court of New Mexico would likely recognize that complaining about a person in the text of a charge would be sufficient to name them as a respondent in the case. (citation omitted) Otherwise, a person who chooses to file a charge of discrimination with the EEOC could almost never name a supervisor as a respondent as Title VII forbids holding supervisors liable. An alternative rule would frustrate the worksharing agreement between the EEOC and the NMHRD in which each agency designates the other as its agent for the purpose of receiving and drafting charges."

Judge Browning also found that "the Supreme Court of New Mexico would likely consider whether the defendant was denied having notice of the charge or frustrated the respective agency's investigation and attempted reconciliation of the matter. *See Romero v. Union Pac. R.R.*, 615 F.2d at 1311. Such a rule would focus on whether the administrative process has worked—the goal of exhausting administrative remedies."

Finally, the Court observed that most importantly, all three Plaintiffs specifically described the discriminatory conduct the individual defendant allegedly committed, thereby giving the individual defendant notice of the claims against him and giving the administrative agency the opportunity to investigate and possibly resolve the charge at the administrative level.

Judge Browning's prescient opinion was shown correct by *Lobato v. N.M. Env't Dep't.*, 2012-NMSC-002 (N.M. 2011).  In Lobato the federal district court had asked the New Mexico Supreme Court to decide whether the Charge of Discrimination form used by Human Rights, and still as in this case by the EEOC, fairly and adequately allows a claimant to exhaust administrative remedies and preserve the right to pursue judicial remedies for individual liability claims under the New Mexico Human Rights Act. The form did not, and still does not. In *Lobato* the plaintiff as charging party had not named the individual defendants where the form asked him to name the "Employer, et al" that had discriminated against him but he had identified them in by their job positions within the "PARTICULARS" narrative on Plaintiff's Charge of Discrimination forms.

The New Mexico Supreme Court noted that consistent with "the NMHRA's individual liability provisions, any person reporting unlawful discrimination must "file with the human rights division of the labor department a written complaint that *shall state the name and address of the person* alleged to have engaged in the discriminatory practice, all information relating to the discriminatory practice and any other information that may be required." Section 28-1-10(A) (emphasis added)."  However, [d]espite these statutory and rule requirements, the NMHRD's official Charge of Discrimination form instructs filers to report only the employer or agency involved but does not instruct filers to report the "person" involved."  The Lobato court concluded that where, as in this case, the filing party, unrepresented by counsel, was excused from the exhaustion requirement by the deficiency of the charge form.

The law in this district has followed this rule, *see Welch v. City of Albuquerque*, Memorandum Opinion and Order, April, 4, 2017, D.N.M. 11-700KG/SCY, Dkt. No. 267 (denying summary judgement on an alleged failure to exhaust); *Stailey v. Gila Regional*

*Medical Ctr.*, Memorandum Opinion and Order, February 21, 2017, D.N.M, 16-0485 JCH/GJF (denying motion to dismiss where two individual defendants were named in the narrative attached to the charge and the discriminatory conduct was described); *Seone v. Dick's Sporting Goods*, Proposed Findings and Recommended Disposition, October 7, 2014, D.N.M. 14-0424 MV/WPL, Dkt. No. 14, adopted by Order Adopting Report and Recommendations November 20, 2014, Dkt. No. 19 (same); *Hoover v. Lowe's Home Ctrs., Inc.,* Memorandum Opinion and Order, February 22, 2012, D.N.M. 11-1026 LH/LFG, Dkt. no. 31 (same, following *Lobato*).

This law and the facts here show that Macomber was on notice such that the amended complaint relates back to plaintiff's original complaint here. The named defendants were identified in the charge. Their discriminatory conduct was described, as shown in the highlighted portions of Exhibit A. Throughout the administrative process the defendants were on notice of the charge and allegations. As in Lobato, plaintiff here filed her Charge "pro se", unrepresented and uncounseled, as she did not hire the undersigned counsel until the eve of when she would have to file this lawsuit, on December 19, 2016. Because a viable claim surpassing the "glimmer of hope" standard set for the above in *Mayes* is present here, defendants' opposition to remand fails on the fraudulent joinder argument.

Finally, although the undersigned counsel would prefer to not address the ad hominem attack presented by defendants' forum manipulation charge, the Court should note that this allegation is patently frivolous. On the law cited here and on the facts that the Court must take as true in the context of deciding the motion to remand, the only actions of plaintiff through counsel have been to plead her lawsuit as the Rules and case law permit. Plaintiff has every right to choose her forum, equal to defendants'

right to remove the lawsuit to this Court, were the requirements for diversity jurisdiction, namely the requisite amount in controversy, met in this case. They are not, and defendants' obstinate refusal to admit otherwise despite the stipulation on that issue could seemingly be characterized as the same forum manipulation of which they accuse plaintiff's counsel.

    For the reasons stated, Plaintiff requests that the Court grant her motion for remand and for such other relief to which the Court finds her entitled.

Respectfully submitted,

VALDEZ AND WHITE LAW FIRM, LLC
 /s/Timothy L. White
Timothy L. White
P.O. Box 25646
Albuquerque, N.M. 87125
Telephone: (505) 345-0289
Fax:          (505) 345-2573

CERTIFICATE OF SERVICE

This is to certify that this pleading was emailed on October 23, 2017 to the following counsel of record:

Amelia M. Willis
One Ninety One Peachtree Tower
191 Peachtree Street, N. E. Suite 4800
Atlanta GA 30303
Amie.willis@ogletreedeakins.com

/s/ Timothy L. White
Timothy L. White